UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ENERGY MANAGEMENT INTERNATIONAL, INC., and ROBERT G. BOTELHO, Plaintiffs, | ) ) ) ) ) | |
| vs. | ) ) | 1:07-cv-0666-LJM-WTL |
| INDOPCO., INC. d/b/a NATIONAL STARCH AND CHEMICAL COMPANY, and RANDOLPH A. HOLME, Individually and as an Employee of the Aforementioned, Defendants. | ) ) ) ) ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter pends on defendants', Indopco, Inc., d/b/a National Starch and Chemical Company ("NSC"), and Randolf A. Holme ("Holme"), Individually and as an Employee of the Aforementioned (collectively, "Defendants"), Motion to Dismiss with Prejudice Count I of Plaintiff's Second Amended Complaint as to Defendant Randolph A. Holme and Counts IV and V as to All Defendants.[1] Plaintiffs have agreed to the dismissal of Count IV of the Second Amended Complaint.

Defendants' motion raises two issues appropriately set out in Defendants' brief as: (1) Can Holme be liable for breach of a contract to which he was not a party; and (2) What statute of limitations applies to Plaintiffs' claim for defamation.

Plaintiffs admit in their brief that they do not contend that Holme was a private party to the contract underlying this case. Rather they urge that it is in the termination of the contract that

---

[1]The Court notes that Defendants had filed similar motions directed to Plaintiffs' First Amended Complaint (Docket No. 14), however, the filing of the Second Amended Complaint rendered that motion **MOOT**. The Court hereby declares Defendants' Motion to Dismiss certain counts of Plaintiffs' First Amended Complaint **MOOT**.

Holme's liability lies. Plaintiffs wish to engage in further discovery to determine whether Holme had the authority to terminate the contract and might have acted outside the scope of his employment. Plaintiffs' Complaint alleges in paragraph 21 that Holme was acting outside the scope of his authority by informing Plaintiffs orally that the contract was being terminated. In the next paragraph of the Second Amended Complaint, Plaintiffs further allege that defendant NSC sent a written notice to Plaintiffs informing them of the termination of the contract, the reasons therefore, and the termination date.

Plaintiffs cannot escape the operation of *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228,1231 (Ind. 1994), merely by alleging that Holme was acting outside his authority when he orally notified Plaintiffs of the termination a day before written notice of the termination came from the defendant corporation. The *Winkler* court stated: "It is a matter of black letter law that where the agent acted within the scope of the agent's authority in signing a contract on behalf of the principal, the remedy of one seeking to enforce the contract is against the principal and not the agent." This contract action is an attempt to enforce the contract. The remedy lies against the corporation.

In addition to the above reason for granting the Motion to Dismiss Count I against Holme, is the general rule that ratification by the principal of an unauthorized act by the agent relieves the agent of liability. *See Apple Glen Crossing, LLC v. Trademark Retail, Inc.*, 784 N.E. 2d 484,489 (Ind. 2003). The only exception to this rule is that the agent is not relieved if the principal acts to protect its own interests. *See id.* Here there is no allegation that the principal, NSC, in sending a written note of termination was doing so to protect itself. It is the termination letter upon which

2

Plaintiffs sue. For both of these reasons Defendant Holme's Motion to Dismiss Count I is **GRANTED**.

The basis of the Motion to Dismiss Count V, the claim for defamation, is that the statute of limitations for defamation is two years. Plaintiffs agree that the defamation limitation is two years. The parties agree that the defamatory statement was made on June 10, 2003, and the suit was filed April 18, 2006, well outside the two-year statute. But, Plaintiffs argue that under the case of *Wells v. Stone City Bank*, 691 N.E.2d 1246 (Ind. Ct. App. 1998), they are entitled to a ten-year statute of limitations, the same as that for a contract action.

*Wells* involved a bank customer who sued the bank for wrongful dishonor of checks, breach of a duty of good faith, breach of contract, and fraud. He sought damages based on a breach of contract theory, damages that he alleged arose out of the contractual relationship he alleged he had with the bank   In describing the circumstances the *Wells* court said:

> Wells does not appear to allege any duty that was owed to him outside of that duty arising out of his contractual relationship with the bank, and he appears to allege no breach of duty other than the bank's failure to perform the contracted-for service. His action should not be completely barred on the ground that it is essentially a tort claim.

*Id.* at 1249.

Assuming that *Wells* is still good law, see Judge Tinder's opinion in *Spolnic v, Guardian Life Ins. Inc.*, 94 F. Supp, 2d 998 (S.D. Ind. 2000), the instant case is easily distinguishable. Here a separate cause for defamation is added to breach of contract counts. The defamation is the statement that Defendants "failed to perform" under the contract. This allegation is a one-time, separate statement apart from Plaintiffs' breach of contract allegations. The lawsiut is clear. The damages are separate in the two theories. Therefore, the Motion to Dismiss Count V is **GRANTED** because

the only appropriate statute of limitations under the allegations of this Count is two years, and the original Complaint was filed more than two years after the allegedly defamatory statement.

## CONCLUSION

For the reasons stated herein, defendants', Randolph A. Holme and Indopco., Inc., doing business as National Starch and Chemical Company, Motion to Dismiss With Prejudice Count I of Plaintiffs', Energy Management International, Inc., and Robert G. Botelho, Second Amended Complaint as to Defendant Randolph A. Holme and Counts IV and V as to all Defendants (Docket No. 38), is **GRANTED**. Count I is hereby **DISMISSED** as to defendant Randolph A. Holme and Counts IV and V are hereby **DISMISSED** with prejudice. Defendants' Motion to Dismiss with Prejudice Count I of Plaintiffs' First Amended Complaint as to Defendant Randolph A. Holme and Counts II through V as to All Defendants (Docket No. 14) is hereby declared **MOOT**.

IT IS SO ORDERED this 30th day of October, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.


Electronically distributed to:[2]

Matthew R. Laydon
PRICE WAICUKAUSKI & RILEY
mlaydon@price-law.com

Michael A. Bergin
LOCKE REYNOLDS LLP
mbergin@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

---

[2]Please note that the court will not mail copies of this entry to those attorneys of record who have not provided their e-mail address to the court.  As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b).  It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they will receive notice of future entries from the court by e-mail.  Information on how to register can be found on the court's website at http://www.insd.uscourts.gov/ecf_info.htm